DENNIS, Circuit Judge,
concurring in the judgment:
I respectfully concur in the judgment only.
Although I agree with the result reached by the majority, I do not think that the majority opinion follows completely the clearly established Federal law, as determined by the Supreme Court’s decisions.
First, I agree with substantially all of the analysis in Part IV of the majority opinion and its conclusion that the Texas courts were objectively unreasonable in denying Tennard habeas relief for the reasons they assigned.
Second, my major disagreement with the majority opinion is that it does not engage in further analysis to determine whether, under the Boyde test, the special issue instruction actually caused an Eighth Amendment violation and, if so, whether the error was harmless under the Brecht test. See Penry v. Johnson, 532 U.S. 782, 800, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001)(applying the Boyde test); Johnson v. Texas, 509 U.S. 350, 113 S.Ct. 2658, 125 L.Ed.2d 290 (1993)(adopting and applying the Boyde test); Calderon v. Coleman, 525 U.S. 141, 119 S.Ct. 500, 142 L.Ed.2d 521 (1998)(holding that a federal court must apply both the Boyde test and the Brecht harmless error test before granting habeas corpus relief in death penalty case based on state trial court’s erroneous sentencing jury instruction). See also Brecht v. Abra-hamson, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); O’Neal v. McAninch, 513 U.S. 432, 115 S.Ct. 992, 130 L.Ed.2d 947 (1995); Nelson v. Dretke, 2006 WL 477143 (5th Cir.2006)(Dennis, J., concurring in the judgment.)
Third, it might have been consistent with the Supreme Court’s cases for the majority to remand with instructions to apply the Boyde and Brecht tests before granting habeas relief, but that does not appear to be the majority’s intention. Applying those tests would appear to be our job in any event.
Finally, based on my understanding of the record gained within the time allotted to me, I believe that the majority has reached the same result that a proper application of those tests would reach.